2022 IL App (1st) 162516-UB

No. 1-16-2516

Order filed February 4, 2022

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 20996 |
| | ) | |
| RUDOLPH ORTEGA, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1　*Held:* Because the defendant could not establish prejudice from his counsel's failure to present evidence in support of his motion to quash a search warrant and suppress evidence, his contention of ineffective assistance fails.

¶ 2　Defendant Rudolph Ortega was convicted of possession of over 5000 grams of cannabis and sentenced to four years in prison. On appeal, he contended that his trial counsel was ineffective for (1) failing to present evidence regarding certain disputed facts at the hearing on his motion to quash the search warrant of the vehicle in which police found the cannabis, and (2) failing to

provide affidavits in support of the defense motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). We remanded for the sole purpose of holding a *Franks* hearing but retained jurisdiction to address defendant's first allegation of ineffective assistance of counsel if *Franks* relief were denied. *People v. Ortega*, 2020 IL App (1st) 162516, ¶ 32 (*Ortega I*).

¶ 3    After our remand, the circuit court held a *Franks* hearing and denied relief. Defendant's appellate counsel advised this court in a status report that the defense does not request further briefing regarding the denial of the *Franks* motion. Therefore, we now address defendant's remaining contention: that his trial counsel was ineffective for failing to present evidence, as opposed to only argument, at the hearing on his motion to quash the search warrant of the vehicle and suppress evidence.

¶ 4    The facts are set forth in detail in *Ortega I* and we repeat only those relevant to the issue now pending before us. On November 2, 2014, a truck driver transporting a BMW automobile from Nevada to Chicago stopped in Naperville to unload a different vehicle from the truck. When the truck driver attempted to drive the BMW off the truck to accommodate the other vehicle, the driver discovered the BMW's battery was dead. The driver looked in the trunk, found multiple bundles wrapped in duct tape, and contacted the local police. The Naperville police obtained two search warrants: one to search the BMW and ascertain the contents of the packages in the trunk, and the other to place a tracking device on the BMW to monitor its location. At some point, the packages field-tested positive for cannabis. When the BMW arrived in Chicago, the truck driver followed his prearranged instructions and called a phone number to determine the precise delivery location. Defendant, codefendant Marcella Acosta, and codefendant Lilian Masso met the truck driver at a Home Depot parking lot in Chicago. Defendant then drove the BMW to Masso's house and parked it in the detached garage. While the garage door was open, police observed defendant

moving packages from the trunk of the BMW into a bag held by Acosta. Police entered the garage and detained defendant and Acosta. The packages tested positive for 5113.8 grams of cannabis. Following this arrest, defendant, Acosta, and Masso were charged by indictment with possession of over 5000 grams of cannabis with intent to deliver.

¶ 5     Defendant filed several pretrial motions. The motion at issue in this appeal was titled "Motion to Quash Search Warrant #17998 and Suppress Evidence Illegally Obtained." In that motion, defendant alleged that the warrant to search the BMW—which is not included in the record on appeal—was belatedly issued after the BMW had already been searched.[1] He asserted that an officer and his drug-sniffing dog arrived on the scene after the truck driver contacted the Naperville police but before any warrant was issued. Referencing a "supplemental [police] report," which is also not included in the record on appeal, defendant stated that the dog jumped through an open window, into the BMW, and unlawfully sniffed the BMW's interior before it alerted to the presence of drugs.

¶ 6     Defendant further asserted that the four "factors" listed by Naperville Police Sergeant Scott Thorsen in the complaint for the warrant were "completely unsubstantiated, foundationless factual statements" that did not establish probable cause for a warrant to issue. The complaint for the warrant is not in the record, but according to defendant's motion, it set out the following four facts to show the existence of probable cause: (1) several rectangular duct-taped packages, some with unknown red writing on the outside, were in the trunk; (2) an empty gas can wrapped in a plastic bag was in the trunk of the vehicle; (3) a police dog alerted that there were narcotics in the BMW; and (4) while the registration "attached" to the BMW was to two people in Nevada, the registration

_____

[1] We note that defendant, as the appellant, has the duty to present a complete record on appeal. *People v. Gilbert*, 2013 IL App (1st) 103055, ¶ 17.

"returns on a 1986 Suzuki motorcycle not a 2002 BMW 325i." Challenging these facts, defendant argued that (1) the packages were not inherently contraband by their nature or outer appearance, (2) the mere existence of a gas can does not provide reasonable suspicion or probable cause, (3) the dog had been trained in Michigan but was not certified in Illinois until six months after the search was executed, and (4) a "reporting officer narrative" indicated the BMW's temporary registration did not have a current record.

¶ 7    Defendant also filed a "Motion for a *Franks* hearing to Quash Search Warrant \*\*\* and Suppress Evidence Illegally Obtained," in which he alleged that Thorsen's complaint for a warrant to search the BMW contained "a stockpile" of false statements that merited the granting of an evidentiary hearing pursuant to *Franks*, as well as the quashing of the warrant and the suppression of all evidence obtained as a result of its execution. This motion was addressed at length in our 2020 opinion.

¶ 8    The main hearing on defendant motions took place on June 15, 2016. Counsel for Acosta took the lead and argued on behalf of both defendant and Acosta, with occasional clarifications by defendant's own counsel. As noted in *Ortega I*, Acosta's counsel and the court engaged in a colloquy to the effect that the motion should be considered on a strictly legal basis without the presentation of evidence. *Ortega I*, ¶¶ 10-15. Defendant's counsel voiced no disagreement with the court's contemplating the consideration of the motions on a strictly legal basis. *Id.* ¶ 10.

¶ 9    After hearing extensive arguments, the circuit court found that the initial search of the car was lawful because the truck driver, as bailee, gave permission for it. *Id.* ¶ 15. The court commented, however, that was not necessarily the case with respect to the search at the Chicago garage. *Id.* ¶ 16.

¶ 10    During a discussion with the parties about scheduling a hearing on a different motion specifically challenging the search of the car in the Chicago garage, the court stated:

"There's not going to be any *Franks* [hearing]. I don't see any reckless disregard of the truth or purposeful lies that caused the warrant to be issued, that wouldn't have been issued. Otherwise, I don't believe—not even so sure they needed a warrant under the scenario I've been listening to today; but a judge signed it; and it's more, like, just to be careful after the fact." *Id.* ¶ 17.

At the conclusion of the hearing, the court stated that the motion to quash the search warrant and the motion for a *Franks* hearing were denied. *Id.*

¶ 11    Defendant filed two other pretrial motions. One, a "Motion to Suppress Statements," challenged an inculpatory statement defendant made in a police car following his arrest, on the basis that it was coerced. The second, a "Motion to Quash Arrest and Suppress Evidence," challenged the search of the BMW in Masso's garage. The court denied both of these motions following hearings. *Id.* ¶ 18.

¶ 12    By agreement, the arguments and evidence presented at the suppression hearings were incorporated into the trial by reference. *Id.* ¶ 19 (discussing trial evidence in detail). Following the trial, the court found defendant guilty of the lesser-included offense of possession of over 5000 grams of cannabis and sentenced him to four years in prison. *Id.* ¶ 21.

¶ 13    As noted, defendant contended on appeal in *Ortega I* that his trial counsel was ineffective for (1) failing to present evidence regarding certain disputed facts at the hearing on his motion to quash the search warrant of the vehicle and suppress evidence, and (2) failing to provide affidavits in support of the defense motion for a *Franks* hearing. *Id.* ¶ 23.   Following oral argument, we remanded for the sole purpose of holding a *Franks* hearing, noting that if the circuit court denied

*Franks* relief, we would address defendant's first allegation of ineffective assistance of counsel, over which we retained jurisdiction. *Id.* ¶ 32. The circuit court has now held a *Franks* hearing and denied relief. Accordingly, we now address defendant's remaining argument.

¶ 14    Defendant argues that his trial counsel was ineffective for failing to present evidence at the hearing on his motion to quash the warrant and suppress evidence where "there were facts in dispute," which prejudiced him as his motion was denied. The disputed facts, according to defendant's brief, were (1) what time the search of the BMW occurred, (2) whether the search occurred before the warrant issued, and (3) whether the packages in the trunk were opened before the warrant issued. Defendant maintains that without evidence—rather than merely argument—on these issues, the court could not determine whether a fourth amendment violation occurred.

¶ 15    At oral argument before this court in *Ortega I*, defendant conceded that the truck driver, as a bailee, had authority to allow the police to search the BMW. *Id.* ¶ 27. However, he maintained that this authority did not extend to allowing the police to open the sealed packages found in the trunk. He contended that opening the packages required a valid warrant, even though the packages were in the trunk of the bailed BMW which was then in the hired truck driver's custody as bailee.

¶ 16    In reviewing claims of ineffective assistance of counsel, appellate courts "use a bifurcated standard of review, wherein we defer to the trial court's findings of fact unless they are against the manifest weight of the evidence, but make a *de novo* assessment of the ultimate legal issue of whether counsel's actions support an ineffective assistance claim." *People v. Nowicki*, 385 Ill. App. 3d 53, 81 (2008). In this case, where defendant is not challenging any findings of fact made by the trial court, but rather, is arguing that the trial court should have been presented with evidence to be used in resolving factual disputes, we consider *de novo* whether defendant has stated a claim for ineffective assistance of counsel.

¶ 17    To establish ineffective assistance of counsel, a defendant must show (1) that his counsel's representation fell below an objective standard of reasonableness, and (2) but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *People v. Griffin*, 148 Ill. 2d 45, 57 (1992). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. If a claim may be determined on the basis that there is no prejudice, it is not necessary for a reviewing court to consider whether counsel's performance was deficient. See *id.* at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice *** that course should be followed.").

¶ 18    In *Ortega I*, we observed that the circuit court determined defendant did not have standing to challenge the search of the BMW because the bailee permitted the search, and then, having found so, the court essentially concluded its analysis. *Ortega I*, ¶ 26. We characterized the circuit court's analysis as incomplete. *Id.* ¶ 27. While there was no dispute that a bailment occurred, or that this bailment led to the truck driver having apparent authority to allow the police to search the BMW, we found that the truck driver did not have apparent authority to allow the police to open the sealed packages in the BMW's trunk. *Id.* ¶¶ 27-28. Thus, under *United States v. Jacobsen*, 466 U.S. 109, 114 (1984), a warrant was required. *Id.* ¶ 29.

¶ 19    In *Ortega I*, we "agree[d] with defendant that whether a valid warrant existed at the time the packages were opened is a question the trial court could not have answered without having been presented with actual evidence, rather than just arguments made by attorneys." *Id.* ¶ 31. As such, we found it was objectively unreasonable for counsel to proceed at the hearing with no evidence on this point, and a reasonable probability existed that the result of the proceeding would have been different had counsel not failed in this respect. *Id.*

¶ 20    We acknowledged that the United States Supreme Court has held, as an extension of the exception to the search warrant requirement for moving vehicles, that the police may search a container or package found in an automobile without a warrant if the search of the automobile is supported by probable cause or if the police have probable cause to believe the package contains contraband or evidence. *Id.* ¶ 30 (citing *California v. Acevedo*, 500 U.S. 565, 569, 570, 579-80 (1991); *United States v. Ross*, 456 U.S. 798, 825 (1982)). However, we found that the circuit court did not reach the issue of whether probable cause existed, and that evidence that could have supported or refuted a finding of probable cause was not introduced at the hearing. *Id.* "In the absence of such evidence," we concluded, "the trial court could [not] have made a finding regarding whether probable cause existed for the police to search the sealed packages in the BMW's trunk." *Id.*

¶ 21    Thus, the question now before us is whether trial counsel was ineffective for not presenting evidence at the hearing on the motion to quash and suppress regarding whether (1) a valid warrant existed at the time the packages were opened, or (2) the police had probable cause to search the packages in the trunk.

¶ 22    At the *Franks* hearing, evidence regarding the warrant was presented through the testimony by Sergeant Thorsen. Thorsen's testimony provided evidence on all three of the "facts in dispute" that defendant has identified on appeal: what time the search of the BMW occurred, whether the search occurred before the warrant issued, and whether the packages in the trunk were opened before the warrant issued. Moreover, the circuit court's findings at the *Franks* hearing indicate that, had defense counsel introduced evidence on these "facts in dispute," the court still would have denied the motion to quash and suppress.

¶ 23    Thorsen was called as a defense witness at the *Franks* hearing and testified that, on November 2, 2014, he responded to a call regarding the present case by going to the police department. While he was there, several officers who were on-scene relayed information to aid him in preparing a complaint for a search warrant of the BMW. The on-scene officers reported "that they had to hop up onto the second story of the car hauler to view the [BMW]." They further reported the truck driver had observed several rectangular, duct-taped packages in the trunk of the BMW, under a "shelf" for the spare tire.

¶ 24    Thorsen agreed that he wrote a report stating that at "approximately 2130 hours," he and a detective met with a circuit court judge. However, he stated that the hour set forth in that report was not accurate. Thorsen explained, "I did a supplemental report to that because it was Daylight Savings Time. It was an error on my part." He clarified that his meeting with the judge took place at 8:30 p.m., not 9:30 p.m. He further stated that "[j]ust after" the search warrant was signed by the judge, he called the detectives who were on scene and they executed the warrant. Prior to that time, the on-scene officers were "just holding the vehicle out there" and had not entered the BMW.

¶ 25    On cross-examination by the State, Thorsen testified that he spoke with several on-scene officers while preparing the complaint for a search warrant at the police department. Then, he reviewed the warrant with an assistant State's Attorney. Afterwards, he visited the judge's home and, while under oath, discussed the warrant. Thorsen reiterated that, although the search warrant indicated it was signed at 9:30 p.m. and executed at 9:35 p.m., those times were actually 8:30 p.m. and 8:35 p.m. Thorsen testified that when he got permission from the judge to execute the warrant, he called the officers who were on-scene and they then executed the warrant. Sometime later, he contacted the judge to confirm the actual time the warrant was signed and filled out a supplementary report providing the correct time.

¶ 26    On redirect examination, Thorsen confirmed that one of the on-scene officers wrote in a report that, at 8:43 p.m., the transport truck left Naperville. Thorsen stated, "I called them immediately after [the warrant] was signed. They verified what was in the packages and then they departed."

¶ 27    On re-cross examination, the State and Thorsen engaged in the following exchange:

> "Q. Once you got that search warrant signed it takes from 8:35 p.m. to 8:43 p.m. before that car is in transport to be in a controlled delivery, right?
>
> A. Yes.
>
> Q. What happens in the course of that eight minutes once you call your team and say that there's a search warrant?
>
> A. They opened one of the packages and verified what was inside—field tested what was inside.
>
> Q. Then they take off and start delivering it, right?
>
> A. Yes."

¶ 28    The evidence that defendant identified as lacking at the hearing on the motion to quash the warrant and suppress evidence—namely, regarding what time the search of the BMW occurred, whether the BMW was searched before or after the warrant issued, and whether the packages in the trunk were opened before or after the warrant issued—now exists in the record through the testimony of Sergeant Thorsen.

¶ 29    During defense counsel's argument on the motion, the court asked counsel, "The warrant was signed. He calls his brother and sister officers, who are out at the scene, and tell him about it. They take a look at what's inside the packages. It turns out what they suspect. It's contraband.

Then [Thorsen] shows up when the seizure is made later, in Chicago, on Kimball Avenue. Right?"
Defense counsel answered, "Yes."

¶ 30    In announcing its *Franks* findings, the court explained:

"I believe then and I believe now that when this truck driver told the police what he discovered on his own and showed the police what he discovered, there wasn't a [*sic*] police activity. There's no 4th Amendment concerns because this is a private person who called the police and invited them. This is what I'm hauling. This is what I have. Take a look at this. I think they have probable cause right then and there. I never ever believed that a search warrant was ever required on this case because I think this case is written [*sic*] with probable cause from the get-go. Okay.

With that said, you have someone like Detective now Sergeant Thorsen who is listening to this information and with what could be described only as the most abundance of caution possible puts the cherry on the sundae and decides, well, I'm going to get a search warrant also. I'm going to dot every I and cross every T and then get a warrant.

\*\*\*

There was an initial seizure first when the police got there. He asked the truck driver and they saw what they saw and then had the dog. They were delaying the truck driver. They wanted the dog to get there. They wanted to talk to the sergeant. They decided they

had to wait for him to draft the warrant and get it signed by a Judge and he did so. There were some issues about times and I acknowledge there was some confusion about the timing of what took place exactly at what time and the sergeant even had to go back and correct his report because he neglected to account for Daylight Savings Time. *** I don't think that there's anything here that they need to be sanctioned for so the motion to quash the search warrant and suppress the evidence that may have come from the execution of the warrant on the *Franks v. Delaware* standard is respectfully denied."

¶ 31    According to Thorsen's testimony at the *Franks* hearing, the warrant was signed at 8:30 p.m., and then the search of the BMW and the packages took place between 8:35 p.m. and 8:43 p.m., while the BMW was still on the "second story" of the transport truck. Based on this chronology, we cannot find that, had counsel presented this evidence at the hearing on the motion to quash the warrant and suppress evidence, the result would have been different. See *Strickland*, 466 U.S. at 694. The court credited Thorsen's testimony at the *Franks* hearing, and we see no reason why it would have reached a different conclusion regarding his credibility had he testified at the hearing on the motion to quash the warrant and suppress evidence.

¶ 32    Since defendant cannot establish prejudice from counsel's failure to present this evidence at that juncture, we need not determine whether counsel's performance was deficient. *Id.* at 697. As such, defendant's contention of ineffectiveness fails.

¶ 33    We affirm the judgment of the circuit court.

¶ 34    Affirmed.